IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

WALI BYRD                          :    CIVIL ACTION
                                   :
     v.                            :
                                   :
SUPERINTENDENT JOHN KERESTES,      :
et al.                             :    NO. 13-655

ORDER

AND NOW, this 18th day of July, 2013, upon careful and independent consideration of the Petition for Writ of Habeas Corpus, and after review of the Report and Recommendation of M. Faith Angell, United States Magistrate Judge, and the objections of the petitioner to the Report and Recommendation, IT IS HEREBY ORDERED that:

1. The Report and Recommendation is APPROVED and ADOPTED.
2. The petitioner's objections are OVERRULED.
3. The Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, is DENIED and DISMISSED without an evidentiary hearing.
4. There is no basis for the issuance of a certificate of appealability.

The Court writes here to comment on the first claim of ineffective assistance of counsel – that trial counsel was ineffective for failing to object and request a limiting instruction to certain testimony that the petitioner describes as

"bolstering." The Court agrees with the conclusion of the PCRA court: "This court sees no basis for concluding that the jury would have rendered a different verdict had they not heard the detective's testimony or had they received a limiting instruction, particularly where there was also evidence of flight and an admission of guilt made by petitioner to Andrea Martin the day after the murder."

The Court does note, however, that the testimony of Detective Mostovyk, even if not bolstering in the traditional sense, was improper. The contents of an arrest warrant are generally inadmissible hearsay and not relevant to any issue before the jury. The contents of arrest warrants may be relevant to a motion presented to the judge before trial, but it is generally not relevant in a trial and can be highly prejudicial. The Court also understands the petitioner's concern that there may have been indirect bolstering here. The Court, however, does not see prejudice to the petitioner from this testimony under Strickland for the reasons stated by the PCRA court.

BY THE COURT:

/s/ Mary A. McLaughlin
MARY A. McLAUGHLIN, J.